# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

No. 590

### KING & CO. v. HORTON

Ohio Appeals, 6th Dist., Williams Co.

No. 156.   Decided June 1st, 1926

287. CONSIDERATION—Although a promissory note imputes consideration, if evidence of illegality is introduced, the prima facie case is overcome and the burden is upon the plaintiff to show valid consideration by a preponderance of the evidence.

923. PLEADING—Gambling contracts are not an affirmative relief and need not be pleaded, and if evidence of them be introduced without objection they become an issue for the jury to decide.

327. COURTS—The courts have wide discretionary power and may question a witness thereby bringing facts to light in order that substantial justice may be done.

WILLIAMS, J.

King & Co. took separate judgment on two cognovit notes in the Williams Common Pleas against D. C. Horton. These judgments were later set aside during term by the lower court and Horton filed an answer wherein he admitted having issued the notes, but denied the allegations of the petition. He also set up by way of cross-petition an express verbal contract wherein he claimed that King & Co. were to act as his brokers on commission and that he (Horton) was to maintain a margin of a certain amount on all grain dealt in and that King & Co. was to furnish the money necessary for these transactions. That the cognovit notes were given to maintain this margin and in violation of their contract and before they were due, they closed out Horton short, causing him damage. A jury returned a verdict for Horton on the petition and a verdict for King & Co. on the cross-petition.

They both therefore filed proceedings in error upon the several judgments seeking a reversal in this court.

There contentions were first—that the court erred in submitting to the jury that the basis of the litigations were gambling contracts, and the notes therefore invalid, it being claimed there was no issue made in any of the pleadings and that the court brought it out by examining the witnesses himself. Second, that the court taking the right to examine witnesses was prejudicial to the parties. Third —that the statutes of Ohio upon gambling grain contracts have no application as they were covered by Federal Statute, and fourth that the Gambling statutes are un-constitutional because they interfere with the rights of parties to carry on interest in Commerce.

The Court of Appeals held:

1. The fact that the transactions were based upon a gambling contract, is not an affirmative defense which had to be pleaded either in the petition of cross petition.

2. Although a promissory note imputes a consideration, if evidence is adduced tending to show illegal consideration, the prima facie case is overcome and the burden is on the plaintiff to show legal consideration by a preponderance of the evidence.

3. The record shows evidence tending to show illegality which was introduced without objection, and therefore an issue was made for the jury.

4. It is the purpose of the court to do substantial justice and when both parties fail to bring out the illegality of a contract because it is detrimental to both parties, it is the duty of the court to bring such matters before the jury.

5. The federal statutes were enacted to prevent gambling contracts and not to promote them and there is no reason why such contracts cannot be made an offense against both the state and the federal government like the intoxicating liquors statutes.

6. The law is constitutional because if there is any shipping of grain interstate or state the law in question does not apply.

Attorneys—C. E. Scott and Bryan and Hobart Hewbegin of Toledo for King and Co. and A. L. Gebhard of Bryan and L. E. Eastman of Toledo for Horton.